**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN AIUTO,**

          **Plaintiff,**

**-vs-**                                  **Case No. 6:13-cv-854-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Disability Insurance Benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

## Procedural History

Plaintiff filed an application alleging he became disabled on April 9, 2009 (R. 201). The application was denied initially and on reconsideration, and Plaintiff sought and received an administrative hearing. The Administrative Law Judge ("ALJ") issued a decision on October 26, 2012, finding that Plaintiff was not disabled (R. 5-19), and the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to back injury, cancer, arthritis, depression, hearing loss/tinnitus, vision loss, sleep apnea, hammertoe, bowel problems, and urination problems (R.90).

*Summary of Evidence Before the ALJ*

Plaintiff was 45 years old at the time of the ALJ's decision (R. 19, 100), with an educational history of college courses and military vocational training (R. 33), and past relevant work that includes instructor for vocational training, manager trainee, stock clerk, and aircraft mechanic (R. 67, 71-73).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff and his father, and opinions from examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, fatty liver, hemorrhoids, history of colon cancer (recent testing negative for cancer) (20 CFR 404.1520(c)) (R. 10); and the record supports this uncontested finding. The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 12). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) in that the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally, he can sit and stand for 8 hours but should be allowed to alternate his body posture every hour, he can walk for 4 hours. He cannot climb ladders, ropes or scaffolds; cannot lift over his head; cannot be in a loud environment; and cannot be around heights or vibrations. He can frequently climb ramps, stairs and bend, stoop, squat, balance, kneel, crouch, and crawl. He has no restrictions on the use of his hands, arms, shoulders, and he can see and communicate, sit, stand, and walk for 6 hours in an 8-hour workday with normal breaks but may require changing positions hourly to either standing or sitting, momentarily, at or around the work area. The claimant could occasionally balance, stoop, kneel, crouch, crawl, and climb. However, he should never climb ladders, ropes, or scaffolds and should avoid concentrated exposure to temperature extremes, vibrations and fumes,

>odors, dust, gases and poor ventilation. The claimant should also avoid working with dangerous moving machinery and at heights.

(R. 12). The ALJ determined that Plaintiff could return to his past relevant work an Instructor, Vocational Training, with a sit/stand option and Manager Trainee (R. 16). Alternatively, with the assistance of the VE, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 17-18), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff's objections are addressed in the context of the five step evaluation sequence used by the Commissioner. The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

Plaintiff has raised objections to the formulation of the RFC (steps two and three) and the ALJ's determination that he could perform his past relevant work (step four). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff claims that the ALJ erred in failing to properly consider and weigh the evidence of his treating physicians and the lay witness reports. Specifically, Plaintiff objects to the failure of the ALJ to explicitly weigh the opinions of providers who treated Plaintiff when he was in the military, the opinions of his commanding officers, and those of his father. Upon review, the Court sees no error.

With respect to the medical evidence, 20 C.F.R. §404.1545(a)(3) requires the ALJ to consider all medical evidence when formulating a residual functional capacity. The Eleventh Circuit has held

that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

As for other evidence, the ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

Applied here, Plaintiff asserts that the ALJ erred in failing to weigh statements and opinions of Dr. Noceti-Dunphy, Physician's Assistant Evans, Dr. Ableman, Lt. Col. Engelking, Gy. Sgt. Bethel, and Plaintiff's father. With the exception of the report authored by Plaintiff's father, all of

the statements and opinions cited by Plaintiff discussed Plaintiff's condition as it existed *prior* to the alleged onset date of April 2009.

As Plaintiff notes in his brief, Dr. Noceti-Dunphy began treating him for chronic pain in January 2001 (R. 530), and issued a report on September 20, 2002 (R. 532-37). Although Dr. Noceti-Dunphy felt Plaintiff could not continue as an active duty marine, in fact, Plaintiff was medically cleared to reenlist on January 8, 2004 (and did so) (R. 584).[1] Under these circumstances, this 2002 opinion is of no relevance to the issue of Plaintiff's medical condition over six years later.

Physician Assistant Evans noted in February 2005 that Plaintiff was found fit for duty by a Physical Evaluation Board, but he did not recommend Plaintiff for recruiting duty due to his post-surgical pain and complications (R. 383). Mr. Evans referred Plaintiff to pain management in June of 2005 (R. 377). Again, Plaintiff fails to show the pertinence of these records to the issue of Plaintiff's condition four years later.

Plaintiff was seen by a military physician, Thomas B. Ableman, for a fitness for duty examination on April 18, 2008 (R. 344). Dr. Ableman found that at that time, Plaintiff was not fit for "full" duty due to pain and incontinence. Dr. Ableman recommended a Physical Evaluation Board, and placed Plaintiff on limited duty. *Id.* Although the ALJ, while discussing some of the pre-onset records, did not specifically note or weigh this opinion, she did refer to "the VA records," including the 60% disability rating, and gave them "appropriate weight" (R. 13). Assuming Dr. Ableman's opinion rendered a year prior to the time at issue should have been explicitly evaluated, Plaintiff fails to show how this pre-onset opinion directed to Plaintiff's abilities to perform "full" military duty pertains to the RFC determined by the ALJ (which also found limitations) sufficient to show

---

[1]As noted by the ALJ: "The claimant's main complaint is pain stemming from his squamous cell carcinoma of the rectum from 1999. A United States Marine Corps medical board found the claimant fit for duty in September 2002 (Exhibit 9F). Additionally, he was cleared for re-enlistment in 2004 (Exhibit 17F). I give great weight to the fact that the claimant was found fit for duty." (R. 15).

prejudice. As noted by the Commissioner, Plaintiff remained working in the military after this opinion was rendered, and worked in a full-time civilian job even after his alleged onset (R. 290-93).[2] Any error is harmless.

Plaintiff also contends that the ALJ erred in failing to consider the lay statements of his commanding officers and the statement of his father. The document from Lt. Col. Engelking is a letter to the president of the Physical Evaluation Board dated December 20, 2002. (R. 529).[3] The document from the Gunnery Sergeant is dated September 10, 2002 (R. 547). As noted above, these opinions pertain to a period of time almost seven years prior to the time at issue and prior to Plaintiff receiving medical clearance to continue his military service (and his 2004 re-enlistment).

As for the statement of Plaintiff's father (R. 269) it mirrors Plaintiff's own statements, in large measure. Plaintiff's statements were throughly evaluated by the ALJ and the credibility finding is not contested here. In such a case, there is no error. *See Osborn v. Barnhart,* 194 Fed. Appx. 654, 666 (11th Cir. 2006) (noting that an ALJ's specific and explicit credibility determination as to a claimant's testimony sufficiently implies a rejection of his wife's testimony as well).

Plaintiff's last objection with respect to this issue is the ALJ's evaluation of the opinion of treating physician Dr. Robert Wagar. In report dated August 31, 2010, Dr. Robert D. Wagar, a physician at the outpatient VA clinic in Fort Myers, Florida, noted:

> This Armed Forces veteran has a number of medical problems which limit his physical abilities and thus also his employability. He continues to have rectal pain related to his previous rectal carcinoma which required surgery and radiation treatment. He is unable to sit or stand for long periods. He requires narcotic medication for the pain syndrome. His frequent migraine headaches add further limitations; while he does get

---

[2]As the ALJ observed: "The claimant continued to work after his alleged onset date from April to May 2009 helping a team develop a supply system for the defense department. The claimant testified he was let go because he could not perform. He additionally stated he asked to do his work from his room, however, the agency wanted him to come in and work in an office environment." (R. 15).

[3]Plaintiff cites to another letter at R. 248-249. This citation is incorrect. To the extent Plaintiff is referring to the document at R. 548-49, the document is undated and unsigned, despite a signature line. As such, the Court finds insufficient reason to assume that this document was prepared and adopted by the Lt. Colonel.

>
> some relief with medication, he still needs to lie down in a darkened room. He has since retired from the military with a 60% disability.

(R. 528).

The ALJ considered this opinion and gave little weight to it (R. 16). While acknowledging that the ALJ addressed Dr. Wagar's opinions with respect to Plaintiff's migraines, Plaintiff contends that the ALJ failed to consider "all of the opinions of Dr. Wagar" in that she did not give any reasons for rejecting Dr. Wagar's opinions regarding Plaintiff's ability to sit and stand and his continuing pain. Doc. 20, p. 17. Dr. Wagar opined that Plaintiff's continued pain prevented him from sitting or standing "for long periods" (R. 528). The ALJ's RFC assessment is consistent with this opinion as she found Plaintiff required work that allowed him to alternate between sitting and standing every hour (R. 12). The Court finds the medical and lay evidence was evaluated consistent with appropriate standards.

*The formulation of the RFC and the vocational findings*

Plaintiff next contends that the ALJ's determination that he can perform a range of light work and can perform his past relevant work as an instructor are not supported by substantial evidence. As support for this contention, Plaintiff argues that 1) "there is no medical opinion in the record that explicitly supports the ALJ's RFC determination;" 2) there is other evidence in the record that supports his claims of continuing pain and disability and the ALJ should have relied on that evidence; and 3) the vocational findings are not supported by the opinions of his military commanders and Dr. Noceti-Dunphy's findings.

There is no requirement that a medical opinion "explicitly support" an RFC finding. To the extent Plaintiff's objection is premised upon an assumption that the ALJ's RFC finding must duplicate that of a medical source, he is mistaken. As this Court has noted previously:

> "[t]he residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments. 20

> CFR § 404.1545(a)." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). As such, "[a]n opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources, and the physician's opinion in this respect is not entitled to deference. 20 C.F.R. §§ 404.1527(e), 416 .927(e)." *Shaw v. Astrue*, 392 Fed.Appx. 684, 687 (11th Cir.2010); *see also Majkut v. Commissioner of Social Sec.*, 394 Fed.Appx. 660, 664 (11th Cir.2010) ("An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources. 20 C.F.R. § 404.1527(e)(2)."). Moreover, "[t]he task of determining a claimant's ability to work is within the province of the ALJ, not a doctor ..." *Cooper v. Astrue*, 373 Fed.Appx. 961, 962 (11th Cir.2010); *see also Green v. Social Sec. Admin.*, 223 Fed.Appx. 915, 923 (11th Cir.2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545.")

*Williams v. Commissioner of Social Sec.*, No. 6:12-CV-1134-ORL-DAB, 2013 WL 6332728, *5 (M.D. Fla. Dec. 5, 2013).

Here, the RFC determination was made by the ALJ after a review of all of the evidence, including the consultative examination, Plaintiff's reports of daily activities, Plaintiff's medical records in the pertinent period of time (including a notation that Plaintiff's pain was "slightly out of proportion to physical findings") (R. 507), and the other substantial evidence discussed by the ALJ. While Plaintiff contends that there is other evidence which, if credited, could support his claim of disability, such is not the standard on review. The issue is not whether a different finding can be supported by the record; the issue is whether *this* finding is supported. The Court finds it is.

Finally, the Court sees no error at steps four and five of the sequential assessment. Although Plaintiff points to statements from years prior as evidence that he cannot return to his past work, those statements, as noted above, reflect only Plaintiff's condition as of the pre-onset date they were rendered. The ALJ credited the findings that Plaintiff was fit for duty, reenlisted, and continued to work until May 2009.

While it is plain that claimant has challenges and difficulties, the law defines disability as the inability to do *any substantial gainful activity* by reason of any medically determinable physical or

-9-

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, the decision is affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record